UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY WALKER, | Case No. 5:25-cv-04221 EJD (PR) |
| Plaintiff, | **ORDER DIRECTING CLERK TO RE-SERVE LAST COURT ORDER AND RESET DEADLINES; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |
| v. | |
| OFFICER PEREZ, et al., | |
| Defendants. | |

Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers of CJ2 and medical personnel at the San Francisco General Hospital ("SFGH"). Dkt. No. 1. On October 3, 2025, the Court screened the complaint and granted leave to amend to correct the deficiencies with respect to various claims. Dkt. No. 7. In the alternative, Plaintiff could file notice that he wished to strike the deficient claims and proceed on the cognizable claims. Id. at 9. Plaintiff was advised that failure to respond to the order in the time provided would result in the dismissal with prejudice of the deficient claims for failure to state a claim and the action proceeding on the cognizable claims. Id. When the time to respond passed with no response from Plaintiff, the Court dismissed the deficient claims with prejudice and ordered service of the cognizable claims against the appropriate defendants on November 17, 2025. Dkt. No. 8.

It has recently come to the Court's attention that service was issued to the wrong address and therefore Defendants have not yet been served. Accordingly, the Court will order the matter re-served at the appropriate address below. All previous briefing deadlines shall be terminated and reset as set forth below. All other provisions of the Court's "Order of Partial Dismissal and of Service" shall remain in effect.

United States District Court
Northern District of California

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. No. 1), a copy of the Court's "Order of Partial Dismissal and of Service" (Dkt. No. 8), and a copy of this order upon Defendants Officer Perez and Officer Ramirez via the **Mayor's Office at 1 Dr. Carlton B. Goodlett Place, Room 200, San Francisco, CA 94102**. The Clerk shall also mail a copy of this order to Plaintiff.

2.      No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable in the Court's "Order of Partial Dismissal and of Service," (Dkt. No. 8).

        a.      Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

        b.      **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). <u>See Woods v. Carey</u>, 684 F.3d 934, 940 (9th Cir. 2012).**

3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment

2

must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

4.    Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

8.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

9.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: March 12, 2026

EDWARD J. DAVILA
United States District Judge